(No. 3229—

FRANK WEISS AND EMMA WEISS, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 14, 1941.*

*Rehearing denied June 10, 1941.*

FRANK E. LICKHALTER and H. GRADY VIEN, for claimants.

OTTO KERNER and GEORGE F. BARRETT, Attorneys General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

The original complaint was filed in this cause March 16, 1938. An amended complaint was thereafter filed on January 9, 1940. Such amended complaint having been filed because of an amendement to the Statutes of Illinois making procedural changes for. the handling of claims of this nature. Due to such change in legislation and the decision of the Supreme Court of Illinois thereafter rendered, holding such legislation unconstitutional, certain delays have occurred in disposing of this claim. In the Bill of Particulars attached to the original claim, claimants ask damages as follows:

To damage to 'walls, ceilings, and buildings, caused by driving of
piles and other construction work............................. $ 3,000.00
To trespass on property....................................... 2,000.00
To depreciation in value of property.......................... 65,000.00
To loss due to liquidation of stock in trade, and sale of fixtures... 17,000.00
To loss of business........................................... 10,000.00

Total ................................................... $97,000.00

The property involved herein is owned by Frank Weiss and Emma Weiss as joint tenants and same is unencumbered according to the record herein submitted.

The property is located on the south side of St. Clair Avenue immediately adjoining the Pennsylvania railway tracks in the city of East St. Louis, Illinois and the claim for damages grows out of the purported damage to the property resulting from the construction of a subway under the Pennsylvania railroad tracks, the depression of St. Clair Avenue immediately in front of claimants' property, and the erection

of a balustrade at the top of such subway, whereby ingress and egress to claimants' property was affected. The major facts involved herein and the law applicable thereto are the same as the facts and legal questions arising in the case of *Aggie Nauyoks vs. State of Illinois,* Court of Claims No. 3504, and 18 other consolidated cases decided this date by this court. To avoid repetition of those matters as affecting this claim, a reference to the opinion this day rendered in such other causes is hereby made and we confine the comments herein to matters which pertain only to this particular property. The property of these claimants is improved with a two story brick building, having a frontage of 63 feet on the south side of St. Clair Avenue and a width of 90 feet at the rear of the premises, with a depth of 123 feet. The second floor of such building does not extend to the extreme rear of the first floor. The latter consists of one large store room and the upper floor consists of two apartments, one of which was occupied by claimants for dwelling purposes and the other being rented to another party. The claimant Frank Weiss was operating a general clothing or mercantile business in the first floor store room when the construction of the subways was begun, and had operated such a store on these premises for some 18 years. Claimant bought the property about November 19, 1928, paying $25,000.00 for same and thereafter expended approximately $7,500.00 in improvements. In 1937 one apartment was renting for $40.00 per month and a garage in the rear was rented for $5.00 per month. Claimant testified that after the construction of the improvement he rented his upstairs apartment for $50.00 per month and the garage for $10.00 per month. The store room has remained unrented since the subway work and the building shows a marked state of deterioration. On May 20, 1937 claimant sold his mercantile stock to a Mr. Hirsch for $5,700.00 and testified that an invoice of such merchandise at the time of the sale showed a value of $11,927.60; further that Hirsch thereafter held a sale in the course of which he made better than $5,000.00 profit from such merchandise. Claimant further testified (Tr. P. 22) that he acted as manager and clerk for Mr. Hirsch in conducting the sale of such mercantile stock following the purchase by Hirsch from him of same. The record is somewhat confusing as to just what the relationship between Mr. Weiss and Mr. Hirsch was, as the latter testified (Tr. P. 53) that

"after he bought the stock he had an opportunity to sell it in bulk but that Mr. Weiss would not let him sell." The latter's testimony shows an invoice of fixtures on May 15, 1937 at a valuation of $4,100.00 and that in disposing of same he took an estimated loss of $3,162.00. These fixtures were mostly second hand cabinets and shelving that he had bought from a St. Louis Department store and had had rebuilt to fit his own store room. The record does not show to what extent they had been attached to the building or what portion might be treated as personal property, but counsel for claimant has advanced the view that all of such fixtures were so placed as to be considered personal property. If the fixtures are treated as personal property, the court is of the opinion that same could have been salvaged, sold or removed without material damage, and in the absence of sufficient testimony whereby to determine what portion of the fixtures were in fact personal property, no award for damages thereto will be made, but same will be treated as forming a part of the value of the premises as a whole.

Claimants contend that the damages to their property, as outlined in their Bill of Particulars was caused by the interference with ingress and egress to the premises, injuries to the building by reason of cracks that resulted from pile driving and construction work on the railroad grant and subway, sagging of doors and frames, the raising of the railroad tracks whereby trains now pass on a level with apartment windows necessitating the drawing of blinds for privacy and a general trespass on property. Their contention as to the last item was apparently abandoned in the course of the hearings as no reference is made thereto except in Bill of Particulars.

As above suggested, this court has today considered the several questions of law relating to the various phases of this claim, including loss of business, loss due to liquidation of stock, depreciation in value and inconvenience during the period of construction. We desire to call attention, however, in addition to the matters therein stated to the fact that the record in the present case discloses that as to the claim for loss of value on merchandise, that the testimony shows that the mercantile stock was invoiced at $11,927.60 just prior to the construction of the subways and that if same was sold for $5,700.00 to Hirsch and the latter thereupon continued the sale

with Weiss as his manager and received a profit in excess of $5,000.00 on such mercantile stock that no apparent loss in value of such mercantile stock is shown whereby to justify an award.

The damage to walls, ceilings, etc., is regarded by the court as an element in determining the total damage to the property. The rule being that the measure of damage in a case of this kind is the difference between the fair cash market value of the property prior to the construction of the improvement and unaffected thereby, and the value of the property after the improvement as affected by same.

There is a wide variance of opinion between the several witnesses as to the value of these premises at the stated periods and the resultant damage. The several witnesses testified as follows:

| For the Claimants | As of May 15, 1937 | As of Dec. 15, 1938 | Damages |
|---|---|---|---|
| Clarence G. Rogers | $47,000.00 | $5,000.00 | $42,000.00 |
| D. Leroy Morgan | 38,878.00 | 7,000.00 | 31,878.00 |
| R. W. Sikking | 30,000.00 | 5,000.00 | 25,000.00 |
| Philip H. Cohn | 50,000.00 | 6,000.00 | 44,000.00 |

It will be noted that one of these witnesses was of the opinion that this property doubled in value after it was 35 to 40 years old, claimant having paid $25,000.00 for it originally.

| For the Respondent | | | |
|---|---|---|---|
| M. L. Harris | 15,000.00 | 7,500.00 | 7,500.00 |
| F. P. Beckwith | 13,835.00 | 7,990.00 | 5,845.00 |

This property is located directly north of the Anna Zelvis property referred to in the consolidated cases above mentioned. The 20 foot service drive extends from the end of the subway 203 feet distant to the north line of claimants' property, and while ingress and egress is not entirely shut off from said premises, the building is seriously affected by the subway construction and is no longer available to the same extent for the conduct of a mercantile business that it was prior to the subway work.

From a consideration of all the testimony, the inspection made of the premises and a comparison of the property and its location and its value with surrounding properties, the court finds from such record that the property of claimant has been damaged by reason of the construction of such subway to the amount of Twelve Thousand Five Hundred ($12,500.00) Dollars.

An award is therefore recommended in favor of claimants, Frank Weiss and Emma Weiss in the sum of Twelve Thousand Five Hundred ($12,500.00) Dollars.